UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERDICE MINIFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>M. WHITE; et al.,<br><br>    Defendants.<br>_____ / | No. C 10-1753 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

     Merdice Minifield, an inmate at the California Medical Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983, which is now before the court for review pursuant to 28 U.S.C. § 1915A.

     A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

     The statement of the claim in the complaint is largely illegible, and that makes it impossible for the court to determine whether the complaint states a claim upon which relief may be granted. Plaintiff must file an amended complaint that complies with the following directions.

First, he must write legibly. If the court cannot read his handwriting, it cannot determine that he states a claim. That, in turn, will cause the court to dismiss his action.

Second, he must allege where the events and omissions giving rise to his claim occurred, i.e., the name of the prison. Although the form complaint instructed the plaintiff to state the place of employment of each defendant, plaintiff failed to do so. He needs to provide the addresses in his amended complaint. He should also state the date or approximate date on which the incidents occurred.

Third, plaintiff needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **May 28, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: April 27, 2010

_____
Marilyn Hall Patel
United States District Judge

2